*753 OPINION.
Gkeen :
The errors alleged in the petition will be disposed of in the order in which they appeared in the pleadings.
The first allegation of error relates to the amount of the gross income received from the sale of coal. The petitioner’s accounts were kept on the basis of receipts and disbursements. All of the coal mined in 1920 from the Ruth mine was sold through the Youghio-gheny Coal & Coke Co. The sales for such year amounted to $124,-679.47. During that year the broker paid $498.65 by way of adjustments to the purchasers of this coal and the parties have stipulated that this amount is a proper deduction from gross income. In 1921, in adjusting disputes with customers, the amount of $2,965.46 was paid out on sales which had been consummated in the year. 1920. Such latter amount may not be deducted in the year 1920 inasmuch as the petitioner is upon a cash receipts and disbursements basis and the amounts were not paid out for him or by him during such year. The net sales from the Ruth mine amounted to $124,180.82.
The second allegation of error relates to the amount deductible as expense of operating the mine. Inasmuch as there is nothing in the record which enables us to segregate the capital expenditures from the expenses, we approve the determination of the Commissioner in allowing as a deduction on this item the sum of $10,569.13.
The third allegation of error is disposed of by our findings of fact that in the year 1920 the petitioner paid taxes in the sum of $692.10.
The fourth allegation of error relates to the deduction to be allowed for depreciation and depletion. It is clear from the evidence that, in the year in question, the petitioner mined no coal of which he was the owner. We can not determine from the evidence whether the petitioner had a lease prior to March 1, 1913, or1 the value thereof on that date if such lease was made prior to that date. It is clear that the lease as such cost the petitioner nothing, so that if acquired subsequent to March 1, 1913, there is no capital expenditure to be returned through the depletion allowance and we therefore hold that he is entitled to no deduction for depletion. It is equally clear from the evidence that the petitioner had expended substantial amounts in tracks, buildings, mine equipment and machinery, all of which, of course, are properly the subject of depreciation. The expenditures in this regard were in part made in Mine No. 1, which was wholly abandoned before the taxable year. We are unable to ascertain the amounts of the expenditures which relate only to Mine *754 No. 1. As relates mining property, there are two common methods of determining how much of the total amount to be recovered through the depreciation allowances shall be allowed in any given year. In one method the physical life of the asset or group of assets to be depreciated is determined and the basis for depreciation divided by the years all live. In the other method the total recoverable tonnage of mineral is ascertained and this amount is divided by the cost or their basis of depreciable property to the end that to each ton is allocated its proper proportion of this cost and the annual deduction obtained by multiplying such factor by the number of tons removed in any given year. The evidence in this case is wholly lacking as to the life of the property, the physical life of the depreciable assets, or as to the recoverable tonnage, and without these factors it is impossible to compute the proper allowance for depreciation. It follows, therefore, that we must approve the action of the Commissioner in disallowing the amount of depletion and depreciation claimed.
The fifth allegation of error relates to the net income of a partnership of which the petitioner was a member and to his distributive share of the net income of that partnership. These questions were disposed of in the decision mentioned in the findings of fact, and the net income of the partnership and the petitioner’s distributive share thereof should be computed in accordance with that decision.
The sixth allegation of error relates to a deduction for 1920 in the amount to which it is alleged the petitioner is entitled by reason of net losses alleged to have been sustained in the operation of the mine in the years 1918 and 1919. The mere introduction of returns, to which in one instance the Commissioner’s memorandum was attached, is not sufficient to establish a net loss, particularly where it is apparent that the Commissioner has made no effort to accurately compute the tax for such years, he having proceeded upon the theory that no tax was due, being satisfied as to such fact from the data disclosed on the return. It seems clear that the petitioner does have a net loss but we are wholly unable to ascertain the amount thereof, and accordingly deny the petitioner’s claim therefor.
As to the issue raised by the seventh allegation of error, we must affirm the Commissioner for the reason that the March 1, 1913, value of the property and the allowable depreciation thereon have not been proven. Without these factors the computation can not be made.
The eighth allegation of error involves two questions: First the right to a deduction for an alleged bad debt, and second, the right to a deduction for an alleged loss of $800. After a careful consideration of all the evidence, we are unable to conclude that the petitioner’s claim against his nephew was worthless. It is clear that the nephew was insolvent during the year in question, but in view *755 of all of the circumstances surrounding the creation of this obligation, we are not willing to regard a temporary insolvency as proof of worthlessness. The petitioner contends that he is entitled to deduct $800 as a loss sustained as the result of his transactions with the brokerage concern. We think that the loss was sustained, that petitioner’s position in this regard is well taken, and that he is entitled to deduct the amount claimed in the year in question.
As to the affirmative allegations of the answer, the respondent offered no proof. A presumption of correctness attaches to his original action upon the two items involved and his present decision with reference thereto can not be said to do more than take away this presumption, and we accordingly conclude that the petitioner is entitled to these deductions as previously allowed by the Commissioner.
Judgment will he entered after 15 days’ notice, under Rule 50.
Considered by Sternhagen, Aeundell, and Lansdon.